19 F.3d 1432
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gregory BRANTLEY, Petitioner-Appellant,
v.
Ronald EDWARDS, Respondent-Appellee.
 No. 93-4169.
 United States Court of Appeals, Sixth Circuit.
 March 25, 1994.
 
 1
 Before: KEITH and NELSON, Circuit Judges, and JOINER, Senior District Judge.[1]
 
 ORDER
 
 2
 Gregory Brantley, pro se, appeals a district court order dismissing his petition for a writ of habeas corpus, which he filed under 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In March of 1991, 92 days after his arrest, Brantley pled no contest to five counts of aggravated burglary with aggravated felony specifications in violation of Ohio Rev.Code Sec. 2911.11 and to five counts of grand theft with violence specifications in violation of Ohio Rev.Code Sec. 2913.02. He was sentenced to 10 to 25 years on each of the burglary convictions and 4 to 10 years on the grand theft convictions. His convictions were affirmed by the state court of appeals. The Ohio Supreme Court denied Brantley's motion for leave to appeal.
 
 
 4
 In his petition for habeas relief, Brantley raised four grounds, all based on the argument that he was denied his right to a speedy trial under Ohio law and under the Sixth and Fourteenth Amendments. Specifically, Brantley argued that the prosecution failed to bring him to trial within 90 days, as required by Ohio Rev.Code Sec. 2945.71(C) and (E). Brantley challenged the state court's finding that the "parole holder" placed on him for a violation of the terms of his parole on a prior offense justified an extension of the 90-day limit set forth under Ohio law. The matter was referred to a magistrate judge, who found that federal habeas corpus review did not encompass infractions of state rules and regulations, absent a finding that a constitutional violation had occurred. Moreover, the magistrate judge found that the length of delay did not violate Brantley's right to due process under the four-prong test set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972). After a de novo review of this report and the objections filed by Brantley, the district court adopted the recommendation and dismissed the petition by order filed October 13, 1993.
 
 
 5
 On appeal, Brantley argues that the district court ignored precedent set forth by the Ohio state courts and that his rights under the Sixth and Fourteenth Amendments were violated when the district court failed to appoint him counsel. Brantley has also filed a motion for the appointment of counsel on appeal.
 
 
 6
 A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of the petitioner. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 495 U.S. 950 (1990). The right to a speedy trial is guaranteed by the Sixth Amendment and is applicable to state criminal proceedings through the Fourteenth Amendment. Klopfer v. North Carolina, 386 U.S. 213, 226 (1967); Cain v. Smith, 686 F.2d 374, 380 (6th Cir.1982). However, in this case, Brantley has grounded his argument in support of habeas relief entirely upon alleged violations by the state courts in interpreting and applying the state's own criminal law. Such claims are almost always rejected as grounds for granting a writ of habeas corpus, see Olsen v. McFaul, 843 F.2d 918, 933 (6th Cir.1988), particularly when, as in this case, the existence of a legal error under state law is questionable and when the guilt of the accused is apparent. Id. Even if it could be said that the state court's interpretation of its own law was wrong, a mere error of state law is not a ground for granting federal habeas relief. Hutchison v. Marshall, 744 F.2d 44, 46 (6th Cir.1984), cert. denied, 469 U.S. 1221 (1985).
 
 
 7
 In considering whether a prisoner has been denied his right to a speedy trial under the Sixth Amendment, we consider the "length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Barker v. Wingo, 407 U.S. 514, 530 (1972). Brantley has not established that the length of delay before trial was presumptively prejudicial, so we need not inquire further into the other factors. Doggett v. United States, 112 S.Ct. 2686, 2690 (1992); Barker, 407 U.S. at 530. See also Cain, 686 F.2d at 381-82. Lastly, Brantley's claim that he was deprived of his right to counsel lacks merit, because there is no constitutional right to counsel in federal habeas cases. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).
 
 
 8
 Accordingly, Brantley's motion for the appointment of counsel is denied, and the district court's order denying his petition for habeas relief is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation